## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JAMES CAMPBELL                                                                                           PLAINTIFF

5:15CV00049-BRW-JJV

ROGER CAMERON, Program
Coordinator Specialist, ADC; et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

James Campbell ("Plaintiff") filed this action alleging his rights were violated when the named Defendants failed to accommodate his hearing disability while he was enrolled in the Substance Abuse Training Program ("SATP") mandated by the Arkansas Parole Board. (Doc. No. 24 at 2-3.) Defendants Roger Cameron and Ronald Chism were dismissed due to Plaintiff's failure to exhaust administrative remedies against them. (Doc. No. 37.) Now, Defendant Arkansas Department of Correction ("ADC") has motioned for summary judgment (Doc. No. 45) and Plaintiff has responded (Doc. No. 53).

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

Defendant ADC argues that: (1) any claim arising under section 1983 is barred by the Eleventh Amendment; (2) Plaintiff's Americans with Disabilities Act ("ADA") claims fail as a matter of law; and (3) the ADC is entitled to sovereign immunity on Plaintiff's ADA claims. After careful review of these arguments and Plaintiff's responses thereto, I conclude the Motion for Summary Judgment should be granted.

#### A. Claims Arising Under Section 1983

Plaintiff stated in his Response that his section 1983 claims were intended only against Defendants Cameron and Chism, both of whom have now been dismissed. (Doc. No. 53 at 2.) Nevertheless, he argues that ADC staff, by exhibiting "gross incompetence," violated his Eighth Amendment rights. (*Id.* at 2-3.) He appears to raise this claim solely to abrogate Defendant's sovereign immunity under Title II of the ADA. As such, I will consider it only in that context.

#### B. ADA Claims

Defendant persuasively argues that Plaintiff's ADA claims arise only under Title II of the

ADA.[1]  (Doc. No. 47 at 8-9.)  Plaintiff does not dispute this contention in his Response.  To state a claim under Title II of the ADA, a claimant must show that: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the relevant benefit; and (3) he was excluded from the benefit due to discrimination based on disability.  *See Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).  Defendant does not presently contest Plaintiff's claim that he is a disabled person and was otherwise qualified for the SATP.  It argues, however, that Plaintiff cannot establish he was actually excluded from the SATP and his ADA claims are barred by sovereign immunity.  I agree on the first count and need not reach the second.

During Plaintiff's SATP enrollment, the ADC transported him to an outside provider for hearing aid evaluations.  (Doc. No. 46-3 at 9-10; Doc. No. 46-4 at 8, 14; Doc. No. 46-8 at 9, 12-13.)  He was provided with a hearing aid on September 23, 2014, and was authorized to possess it through August 1, 2015.  (Doc. No. 46-4 at 15; Doc. No. 46-7 at 9.)  SATP accommodations were also offered in the form of headphones and offers to fit Plaintiff with appropriate hearing aids.  (Doc. No. 46-3 at 1.)  Plaintiff refused these accommodations and voluntarily signed out[2] of the SATP, citing the prejudices of other inmates and concerns that it would take too long to fit him with proper hearing aids.  (*Id.*)  Nevertheless, Defendant states Plaintiff, during the period he was enrolled in the SATP, received the benefits of the program.  (Doc. No. 46-1 at 12-13.)  I find the foregoing history of medical treatment (and offers of medical treatment) establishes Defendant ADC provided reasonable accommodations which conferred meaningful access to the SATP on Plaintiff.  *See Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 886 (8th Cir. 2009) (holding that, under Title II,

---

[1] Plaintiff did not specify under which title of the ADA he was bringing his claims in his Amended Complaint.

[2] As a result of this voluntary sign-out, policy precluded Plaintiff from re-entering the SATP for six months. (Doc. No. 46-3 at 1.)

"qualified individual[s] with a disability are entitled to meaningful access to [the relevant benefit]." (internal citations omitted)). For his part, Plaintiff argues that, irrespective of the treatment he was afforded by the ADC medical department for his disability, Defendant cannot establish the SATP is itself ADA complaint. (Doc. No. 53 at 2.) Plaintiff has not offered any convincing rationale for drawing a distinction between the accommodations offered by ADC medical staff and accommodations specific to the SATP. Nor has he offered any evidence, beyond his own unsupported claims, which suggests the accommodations which the ADC offered him were inadequate. Instead, the record indicates Defendant ADC offered him reasonable accommodations which, if accepted by Plaintiff, would have provided him with meaningful access to the program.[3]

Given that the record provides no support for Plaintiff's Title II claims, I need not decide whether those claims are barred by sovereign immunity. *See Johnson v. Neiman*, 504 Fed. Appx. 543, 545 (8th Cir. 2013) (unpublished opinion). Accordingly, Defendant's Motion should be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Arkansas Department of Correction's Motion for Summary Judgment (Doc. No. 45) be GRANTED.

2. Plaintiff's claims against Defendant Arkansas Department of Correction be DISMISSED with prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

---

[3] I note it is undisputed that Plaintiff did eventually complete the SATP and make parole.

IT IS SO RECOMMENDED this 11th day of January, 2016.

                                               _____
                                               JOE J. VOLPE
                                               UNITED STATES MAGISTRATE JUDGE